IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHELIA MORGAN and
RANDALL MORGAN,

    Plaintiffs,

v.                                                                                              No. 15-1219

BROOKS SHAW & SON OLD
COUNTRY STORE, INC.

    Defendant.
_____

ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE
_____

On August 28, 2015, Plaintiffs, Shelia Morgan and Randall Morgan, initiated this action against Defendant, Brooks Shaw & Son Old County Store, Inc. (Docket Entry ("D.E.") 1.) On March 18, 2016, Jeffrey P. Boyd and Hill Boren, P.C., filed a motion to withdraw as counsel for Plaintiffs. (D.E. 18.) The Court granted the motion on March 22, 2016, and ordered Plaintiffs to advise the Court within forty-five days of either their intention to proceed *pro se* or the name of their new counsel, or else the matter could be dismissed *sua sponte*. (D.E. 19.) As of May 17, 2016, Plaintiffs have not provided the Court any information regarding counsel or whether they intend to proceed *pro se*. On May 18, 2016, the Court issued an order directing Plaintiffs to show cause, within eleven days, why their claims against Defendant should not be dismissed for failure to prosecute in accordance with Fed. R. Civ. P. 41. (D.E. 20.) On June 2, 2016, Defendant filed a motion to dismiss for failure to prosecute and comply with orders of the Court. (D.E. 21.) Plaintiff has failed to provide the Court with any information, respond to the show cause order, or make any filing with the Court.

Rule 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b). The rule recognizes a court's inherent authority to manage its docket and avoid unnecessary burdens on the tax-supported courts and opposing parties. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)); *Mitan v. Davis*, No. 3:08CV-117-S, 2010 WL 3620206, at *3 (W.D. Ky. Aug. 2, 2010), *report & recommendation adopted by* 2010 WL 3620194 (W.D. Ky. Sept. 13, 2010). District courts are permitted substantial discretion in determining whether dismissal is appropriate. *Schafer*, 529 F.3d at 736.

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of "willfulness, bad faith, or fault"; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether "the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 380 (6th Cir. 2011) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Prior notice to the party that its failure to comply with orders or to prosecute may result in dismissal is important to support the sanction. *Schafer*, 529 F.3d at 737-38.

In this case, the Court has warned Plaintiffs twice that failure to comply with Court orders could result in dismissal. (D.E. 18, 20.) Despite these orders and Defendant's motion to dismiss for failure to prosecute, Plaintiffs have not filed anything with the Court. As the required prior notice of the ramifications of a failure to timely respond to the orders of this Court has been

given, and based on the Court's finding that no sanction short of dismissal will cure the Plaintiff's failure to prosecute, the complaint is DISMISSED.

IT IS SO ORDERED this 7th day of June 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE